STATE OF VERMONT
SUPERIOR COURT – ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re Regan Subdivision Permit | { | Docket No. 188-9-09 Vtec |
| (Apps. for Prelim. & Final Approval) | { | (Appeal from Burlington DRB approval) |

## Judgment Order

The Court conducted a site visit and merits hearing for the above-entitled appeal on February 13, 2013. At issue in this de novo appeal was the application for preliminary and final approval of a subdivision proposed by Ute Regan ("Applicant"), dividing into two lots her 0.41± acre parcel located at 46 Chittenden Drive in Burlington. When the City of Burlington Development Review Board ("DRB") approved the pending subdivision application, Appellants DeForest Realty, Inc. ("DeForest") and Friends of Chittenden Drive ("Friends") (collectively "Appellants") appealed the DRB decision, asking this Court to consider whether the proposed subdivision meets the applicable standards and criteria in the City of Burlington Comprehensive Development Ordinance ("CDO").

Appellant DeForest and Applicant initially challenged the propriety of a condition (Condition 3) that the DRB imposed requiring Applicant to prove that the new lot to be created by the proposed subdivision would have legal access across a ten-foot wide strip of land separating it from the paved roadway portion of Chittenden Drive. In connection with this disputed access way, Applicant instituted an action in the Civil Division, Chittenden Unit, of the Vermont Superior Court. This Court (the Environmental Division) placed the pending appeal on inactive status while the parties awaited the resolution of the civil law claims.

The Civil Division thereafter issued its decision, finding that Applicant, as owner of the property at 46 Chittenden Drive, enjoyed an access across the ten-foot wide strip of land between her property and Chittenden Drive. See Regan v. Pomerleau, No. S0239-11 CnCv (Vt. Super. Ct. Civ. Div. Oct 27, 2011) (Crawford, J.). This Court thereafter reactivated this subdivision application appeal and considered cross-motions for summary judgment filed by each party.

In a decision filed December 18, 2012, this Court addressed all pending motions, concluding that Applicant's subdivision application conformed to CDO §§ 3.2, 6.1.2, and 4.4.5 (subject to Applicant submitting a revised site plan); the Court also granted summary judgment

to Applicant concerning CDO § 6.0.1 by concluding that since the pending application only sought subdivision approval and not approval for any construction or further development, the § 6.0.1 design standards did not apply to the pending application. In re Regan Subdivision Permit, No. 188-9-09 Vtec, slip op. at 10–16 (Vt. Super. Ct. Envtl. Div. Dec. 18, 2012) (Durkin, J.). In that decision, the Court declined to answer, on summary judgment, the question of whether Chittenden Drive was a "public road" as that terms is used both in CDO § 5.2.2 (limiting subdivision to lots with frontage on a public road or, in certain circumstances, with sufficiently wide access to a public road) and the statute that authorizes Vermont municipalities to allow for the subdivision of land lacking public road frontage: 24 V.S.A § 4412(3). In re Regan Subdivision Permit, No. 188-9-09 Vtec, slip op. at 5–10. The Court therefore denied summary judgment to all parties as to CDO § 5.2.2 and noted that the only legal issues to be resolved at trial were contained in Applicant's Question 1, Friends' Question 3, and DeForest's Questions 1 and 4. Id. at 16–17. Collectively, these Questions posed the legal issue of whether the proposed subdivision conforms to CDO § 5.2.2.

Once the parties had a full and fair opportunity to present all relevant and admissible evidence at the February 13, 2013 trial, the Court took a recess to complete its deliberations and conduct some additional legal research. The Court then reconvened the hearing to announce its Findings of Fact and Conclusions of Law on the record of the hearing. This Judgment Order is issued to supplement the Findings and Conclusions issued on the record of the merits hearing.

In light of the evidence presented and the prior legal determinations rendered by the Civil Division in the matter of Regan v. Pomerleau, No. S0239-11 CnCv, noted above, the Court concluded that Applicant has fulfilled her threshold showing that she enjoys an access way over the ten-foot wide strip of land that separates her property from Chittenden Drive. This Court further concluded that Chittenden Drive is not a "public road," at least as that term must be interpreted pursuant to 24 V.S.A. § 4412(3) and CDO § 5.2.2, but that Chittenden Drive, while not a "public road," is an access way over 25 feet in width and open to the general public that provides Applicant and her neighbors with access from their respective properties to a nearby public road (Vermont Route 7).

Given the access Applicant enjoys for her property, the Court concluded that her proposed subdivision, while not enjoying road frontage, is not precluded by 24 V.S.A. § 4412(3). The Court struggled with the determination of whether the proposed subdivision conformed to CDO § 5.2.2, since that provision allows for subdivisions that lack frontage on a public road

when the subdivided parcels instead have an easement over an access way at least 25 feet wide connecting to a public road, but expressly provides that that exception only applies to "lots of record existing as of January 1, 2007." Id. The evidence presented provided no explanation for this limitation and, in fact, evidenced a DRB practice of approving subdivisions that created lots that lacked public road frontage but possessed an adequately wide access way easement, even though those lots were created after January 1, 2007. Evidence of how the DRB has historically applied CDO § 5.2.2 to new subdivisions such as Applicants, while understandable, seemed confusing at the least and, at the most, provided evidence of a necessary disregard for the stated limitation that the ordinance exception only applies to "lots of record existing as of January 1, 2007." Id.

In the absence of an explanation of the intent or purpose for the CDO § 5.2.2 exception, the Court concluded that applying its literal wording to the pending subdivision application would lead to an absurd result. Therefore, the Court concluded that Applicant's pending subdivision application, with the conditions noted below, conforms to the understandable portions of CDO § 5.2.2. That being the remaining legal issue in this de novo hearing, the Court concluded that Applicant Ute Regan's pending two-lot subdivision application should be **APPROVED**, subject to the following conditions:

- Conditions 1, 2, 4, 5, and 6 imposed by the DRB shall remain in full force and effect, as they were not challenged by any party to this appeal;

- DRB Condition 3 is hereby deemed **MOOT**, since it has been satisfied through the Civil Division proceedings; and

- The mylar Applicant submits pursuant to DRB Conditions 1 and 2 shall consist of a revised site plan, clarifying the site plan presented at trial (Exhibit 1) and including a certification from her surveyor or engineer that the revised subdivision plan conforms to all applicable density requirements for one dwelling unit on Lot 1 and two dwelling units on Lot 2.

This proceeding is hereby **REMANDED** to the City of Burlington Zoning Administrator for the sole purpose of confirming Applicant's satisfaction of the applicable conditions and to issue any further approval or permit in accordance with this Judgment Order.

Done at Berlin, Vermont this 10th day of April, 2013.

_____
Thomas S. Durkin, Environmental Judge

3